MARTHA G. BRONITSKY, SBN 127583
CHAPTER 13 STANDING TRUSTEE
BRISA C. RAMIREZ (SBN 261480), STAFF ATTORNEY
P.O. BOX 5004
HAYWARD, CA 94540
PH:  (510) 266-5580
FAX: (510) 266-5589
bramirez@oak13.com

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

CARLOS ORTIZ LOPEZ

        Debtor,

_____/

CASE NO.  25-10305 DM

**Chapter 13 Trustee's Initial Notice of Deficiencies and Objection to Confirmation of Chapter 13 Plan**

| **PLAN OBJECTION INFORMATION** |
|---|
| Chapter 13 Trustee Objects To: CHAPTER 13 PLAN |
| Filed: 6/2/2025 |
| Docket No.: 13 |
| **CASE INFORMATION** |
| Petition Filed: 5/20/2025        Attorney Name: EVAN LIVINGSTONE |

**I. OBJECTION**

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:
\*Pursuant to Bankruptcy Local Rule 3015-1, an objection to a plan will be considered an objection to all subsequent versions and amendments until the objection is withdrawn or the objecting party fails to appear at a hearing on confirmation.

## (A) CHAPTER 13 PLAN 11 U.S.C. § 1322, 1324, 1325 and 1326

☐ **(1)** The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C. § 1322(a)]

**Facts:**

**X (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under § 507 of this title. [11 U.S.C. § 1322(a)]**

**Facts: The IRS has filed a priority claim of $37,709.70 that is not provided for in the plan (claim no. 2). The FTB has filed a priority claim for $510.99 that is not provided for in the plan (claim no. 3). The California Department of Tax and Fee Administration has filed a priority claim of $3,221.65 that is not provided for in the plan. (claim no. 5).**

☐ **(3)** The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C. § 1322(a)]

**Facts:**

☐ **(4)** The plan unfairly discriminates between a class or classes of unsecured claims. [11 U.S.C. § 1322(b)]

**Facts:**

☐ **(5)** The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor(s') principal residence. [11 U.S.C. § 1322(b)(2)]

**Facts:**

☐ **(6)** The plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is at least the amount that would be paid on such claim if the estate of the Debtor(s) was liquidated under a Chapter 7 of this title on such date. [11 U.S.C. § 1325(a)(4)]

**Facts:**

**X (7) The plan is not feasible. The Debtor(s) will not be able to make all payments under the plan and comply with the plan. [11 U.S.C. § 1325(a)(6)]**

**Facts: In order to pay all claims provided for by the plan and including the priority claims not provided for in the plan, the debtor's plan payment would need to increase to approximately $3,878.78. However, according to debtor's Schedule J, debtor has only $3,152 is net monthly income to fund the plan.**

| | |
|---|---|
| ☐ **(8)** The Debtor(s) have not paid all domestic support obligations as required by 11 U.S.C. § 1325(a)(8). |
| **Facts:** |
| ☐ (9) The Debtor(s) have not filed all applicable tax returns required by 11 U.S.C. § 1325(a)(9). |
| Facts: |
| ☐ **(10)** The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C. § 1325(a)(5)(B)(iii)(I)] |
| **Facts:** |
| ☐ **(11)** The plan has not been proposed in good faith [11 U.S.C. §1325(a)(3)] and/or the action of the Debtor(s) in filing the petition was in bad faith. [11 U.S.C. § 1325(a)(7)] |
| **Facts:** |
| **X (12) The plan provides for payments to creditors for a period longer than 5 years. [11 U.S.C. § 1322(d)]** |
| **Facts: At the current proposed plan payments of $1,267.19, the plan would take over 183 months to pay the claims provided for in the plan (including the priority unsecured claims not provided for in the plan).** |
| ☐ **(13)** With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C. § 1325(a)(5)(B)(ii)] |
| **Facts:** |
| ☐ **(14)** The plan does not provide for all of Debtor(s') projected disposable income to be applied to unsecured creditors under the plan. [11 U.S.C. § 1325(b)(1)(B)] |
| **Facts:** |
| ☐ **(15) Other:** |
| **Facts:** |
| ☐ **(16) Other:** |
| **Facts:** |

**(B) LOCAL RULES**

☐ **(17) Debtors failed to utilize, or failed to properly complete, the Mandatory Form Plan for Chapter 13 cases filed or converted to Chapter 13 on or after January 1, 2023.**

| **Facts:** |
|---|
| ☐ **(18)** Debtors failed to file and serve a motion to value collateral and obtain an order or has otherwise failed to value collateral as part of or "through" the plan. |
| **Facts:** |
| **X (19) The plan provision regarding Debtors' Attorney's fees fails to comply with General Order 35 or the existing Guidelines for Payment of Attorney's Fees in Chapter 13 cases.** |
| **Facts:** The Debtor's attorney has failed to file an Application for Approval of Attorney's Fees for No-Look Fees. |
| **X (20) Other: Service of Plan.** |
| **Facts: The debtor's plan was filed after the Notice of Bankruptcy was issued and therefore was not served to all creditors with the Notice of Bankruptcy. Trustee requests the debtor file a notice regarding the plan pursuant to Bankruptcy Local Rule 3015-1(b)(1) (giving <u>28 days'</u> notice to file objections) and that a certificate of service evidencing service of the notice and plan be filed with the Court.** |

| II. TRUSTEE'S RECOMMENDATION/ANALYSIS ||
|---|---|
| **x The current plan is not confirmable and an amended plan will be required to be filed.** | ☐ No confirmable plan can be filed based on the facts of this case. |
| ☐ Other: | ☐ Other: |

Note: If you have questions, please contact by email at bramirez@oak13.com.

**WHEREFORE**, the Trustee requests:

☐ That the Trustee's objection to confirmation of the plan be sustained.

**X That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.**

☐ Such other and further relief as the Court deems proper.

Respectfully Submitted,

DATE: February 5, 2026

/s/ Brisa C. Ramirez
Staff Attorney for
Trustee Martha G. Bronitsky
Chapter 13 Standing Trustee

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 5, 2026          /s/ Brisa C. Ramirez
                                          Brisa C. Ramirez

| Debtor: | Counsel for Debtor: |
|---|---|
| CARLOS ORTIZ LOPEZ<br>1100 ALBION PL<br>SANTA ROSA, CA 95401 | EVAN LIVINGSTONE<br>LAW OFFICE OF EVAN LIVINGSTONE<br>2585 SEBASTOPOL RD UNIT 7265<br>SANTA ROSA, CA 95407 |